UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -vs-

DEBORAH BUDHRAJ,

          Defendant.

**SENTENCING MEMORANDUM**
23-CR-71 (LEK)

## INTRODUCTION

Deborah Budhraj comes before this Court for sentencing on May 14, 2024, having voluntarily surrendered, waived indictment, and entered a guilty plea on July 19, 2023. She was thereafter released on her own recognizance without supervision and has had no missteps or other issues since her release.

This case stems from defendant Deborah Budhraj and her husband Adesh Budhraj's receipt of business loan funds through the SBA during the COVID-19 pandemic. Beyond accepting responsibility for her actions through her guilty plea, Mrs. Budhraj and her husband have gone to great lengths to re-pay the entire amount received from SBA totaling $558,514. As of March 18, 2024, these funds have been paid in full to the Clerk of Court per Defendants' agreement to pay restitution in full. Dkt. No. 4, Plea Agreement at ¶ 1(d). Mrs. Budhraj understands that the total repayment of the loan funds does not absolve her of criminal responsibility, however, it is proof that when she accepted responsibility by her voluntary plea she did so completely, and with the intention not only to accept a punishment to be imposed by this Court, but with the intention to make the SBA whole.

Mrs. Budhraj has no criminal history of any kind. Indeed, as set forth in the pre-sentence investigation report (PSIR), she has no prior interactions with the criminal justice system at all. Mrs. Budhraj is a loving and supportive professional, mother, and wife who, aside from this case, has led a productive, service-filled life.  As the many character letters attest, Mrs. Budhraj's kindness and generosity are boundless and her admitted conduct is inconsistent with her character and is something that she will undoubtably move past.

For all the reasons set forth herein, it is respectfully submitted that the Court should exercise its discretionary powers and sentence Mrs. Budhraj to a period of time served and a short period of supervised release, which under these circumstances is an appropriate sentence that is sufficient but not greater than necessary to accomplish the aims of sentencing.

## DISCUSSION

### A. Background

Mrs. Budhraj is a fifty-two-year-old mother of three.  A naturalized citizen since 1985, she was born in Guyana and still has family there.  Mrs. Budhraj comes from a close-knit family with whom she is in regular contact. As attested to in the letters submitted on their behalf, the Budhraj's remain connected to their Guyanese community both in Guyana and in this community.

Mrs. and Mr. Budhraj have three children – two biological and one adoptive. Their biological children Sierra (27) and Daniel (21) are employed and live with their parents.  Dhanraj Budhraj (20) was adopted approximately 10 years ago.  Dhanraj lost his birth parents to separate tragedies in Guyana.  He was living with his two older brothers (16 & 18 years old at the time), who, though children themselves, did their best to provide and care for him.  Dhanraj dropped out of school and was in a very difficult situation living somewhat independently as a ten-year-old child.  The Budhraj's met Dhanraj through a mutual family friend and they decided to adopt him,

a process that took several years, during which time they stayed in touch constantly and supported him financially and emotionally. Once the adoption was finally approved, the Budhraj's brought Dhanraj to the United States. It is no stretch to say that the Budhraj's gave Dhanraj a new life and saved him from a parentless childhood. Dhanraj graduated from Niskayuna High School and is currently serving in the United States Navy.

Mrs. Budhraj has continuously worked and sought to improve her skillset and education. She attended community college in New Jersey and vocational training in automation, before completing a culinary arts program and thereafter completing a licensed practical nurse (LPN) certification. In 2020, she completed a course in real estate sales and became a New York State licensed agent. Mrs. Budhraj's Glendale Nursing Home colleagues' letters of support speak to her work ethic, caring nature, compassion for the sick and elderly, and her strong friendships. So too her real estate clients describe her generosity, skill, and kind-heartedness. Likewise former employees at the Budhraj's "Tropics Restaurant" describe their generosity and good nature. Mrs. Budhraj has always been employed, often with multiple jobs at once. In sum, Mrs. Budhraj's work and professional history demonstrate a strong work ethic without any period of unemployment.

B. **Presentence Investigation Report Calculation**

The Amended Presentence Investigation Report ("PSIR") scores Mrs. Budhraj as follows: Probation assigned a total offense level of 9 and a criminal history Category I, resulting in a guideline range of four (4) to ten (10) months. Dkt. No. 30 at p. 11.[1] Probation did not recommend any upward departure from the aforementioned Guideline range. Mrs. Budhraj does not object to Probation's guideline calculation. Notably, in the Amended PSIR, Probation scores a six (6) point increase for loss to the victim under §2B1.1(H) of the Sentencing Guidelines based on the

---

[1] The Amended PSIR incorrectly notes a Total Offense Level of 11 on page 11, ¶25, but the correct Total Offense Level of 9 is noted on page 15, ¶50.

uncollateralized PPP loan amount of $64,814. However, as set forth above, Mr. and Mrs. Budhraj have paid restitution in full such that there is presently no "actual loss" to the SBA for either the PPP or the EIDL loans. Indeed, it was always her intention to pay the EIDL loan funds back as required under the terms of those loans, even as she has accepted responsibility for her fraudulent representations that were used to obtain the PPP and EIDL funds.

### C. 18 U.S.C. § 3553 Factors

As this Court is well-aware, following the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are no longer mandatory, but rather, are merely advisory. Section 3553(a) specifies several factors that sentencing judges are required to consider in determining a sentence. Several of the factors set forth in 18 U.S.C. § 3553(a) stand out as particularly relevant to this case. Specifically, Mrs. Budhraj's personal characteristics and lack of any criminal history whatsoever, the circumstances of the offense as described herein, her comportment on pre-trial release, and re-payment of the entire restitution amount all deserve attention from the Court. An analysis of the factors set forth in 18 U.S.C. § 3553 compels the conclusion that a sentence of supervised release would be a fair and just sentence "sufficient, but not greater than necessary, to comply with the basic aims of sentencing." 18 U.S.C. § 3553(a).

1. *Nature of the Offense*

Although Mrs. Budhraj's offense is serious, the victim has been fully made whole through the restitution payment. The Budhraj's ability to pay restitution in full is a consequence of having sufficient collateral to liquidate in order to make good on their promise to re-pay the SBA loans. In this sense, the EIDL funds loaned to the Budhraj's were never truly lost because they were completely collateralized. For that reason, the loss amount under the sentencing guidelines is limited to the sums received from PPP loans ($64,814), for which no collateral was required or

posted. Dkt. No. 30 at ¶ 18. The above facts do not change the essence of the fraudulent acts for which Mrs. Budhraj has accepted responsibility, however, they distinguish this case from countless others of individuals and businesses who received government grants and loans during the pandemic under false pretenses without ever having the intention of re-paying their debts. The payment of restitution in full also demonstrates an acceptance of responsibility that extends beyond contrition into reparation – deeds not just words.

2. *Mrs. Budhraj's Personal History and Characteristics*

The behavior for which Mrs. Budhraj has accepted responsibility is not consistent with her character and history. She is a hard worker and an entrepreneur. As repeatedly mentioned in the many support letters, she has always helped her friends, family, and others in her community with selflessness and a desire to serve others. She is a role model for her children, nephews and nieces, and friends.

Mrs. Budhraj is also dedicated to her family and her community, volunteering time, donating food, providing a venue for Guyanese community events. Themes that repeatedly come up in the support letters are Mrs. Budhraj's generosity, kindness, industry, work-ethic, compassion, and character.

The support letters also make clear that the Budhraj's have accepted responsibility for their actions not only before the Court, but also within and between their loved ones and community members. Notably, the Budhraj's are supported and respected by their local law enforcement community. As set forth in the letter from Schenectady Chief of Police Eric Clifford, Mrs. Budhraj has been a pillar of the Schenectady community whose stellar reputation has been built on a foundation of community involvement, volunteerism, and generosity.

Mrs. Budhraj is also a caregiver. As a professional licensed nurse practitioner, she has cared for the elderly and infirm population at Glendale Nursing Facility in Schenectady. According to her supervisor, she is the consummate "team player" who does not shirk responsibility or tough assignments, works double-shifts when needed, and advocates for her patients to make sure their needs are being met.

She has been a pillar of support during times of hardship and loss for her family and friends. As set forth in several letters, Mrs. Budhraj and her husband have traveled great distances and at a moment's notice to care for and help family and friends in their times of need during important moves, times of stressful transition, health crises, and death. These letters are not coincidental or contrived – they show who Deborah Budhraj is.

3. *A Just Sentence*

As set forth in the PSIR, because Mrs. Budhraj is eligible for a downward adjustment under USSG § 4C.1 (zero-point offenders) and her guideline range is on the cusp of Zone A and on the front end of Zone B, "a sentence other than a sentence of imprisonment . . . is generally appropriate." Dkt. No. 30 at ¶ 53 (citing 28 U.S.C. § 994). This is not a crime of violence and the victim has been made whole. Moreover, while a sentence of probation may not be imposed for a class B felony, 18 U.S.C. § 3561(a)(1), a sentence of imprisonment for time served followed by a period of supervised release, as a condition of that release, would satisfy the statutory requirements. *See United States v. Lahey*, 186 F.3d 272 (2d Cir. 1999) (noting that 18 U.S.C. § 1356 does not preclude a "no jail term" sentence). A period of supervised release with conditions would meet the aims of sentencing, while also considering the conduct in question, the repayment of the full restitution amount, the significance of Mrs. Budhraj's familial role and good deeds in

her community and, and her lack of any significant criminal history before or after the offense in question.

However, in paying restitution in full, Mrs. Budhraj has proven that she is already deterred from committing any future crime and has taken every step possible to take responsibility for and make amends for her serious actions that caused this prosecution. To the extent that there is further need for deterrence, it can be accomplished through supervision with conditions. Mrs. Budhraj is not a threat to commit future crimes – she has no prior criminal history and has fully accepted responsibility for her actions.

## **ADDITIONAL REQUESTS**

If the Court determines that Deborah's conduct warrants some incarceration, which for the reasons set forth herein we believe is not necessary, she requests the Court make the following recommendations to the Bureau of Prisons. That she:

(a) be allowed to self-surrender and report;

(b) be assigned to a minimum-security facility;

(c) be assigned to such a facility as close to Schenectady, New York as possible so she can remain near her family; and

(d) that any sentence imposed be staggered with co-defendant Shawn Budhraj so that they are not incarcerated at the same time.

Regarding facility determinations, we recognize that the Bureau of Prisons makes the ultimate determination. However, the Bureau of Prisons does try to accommodate and/or honor a judge's recommendation. *See* Ellis, Federal Prison Guidebook, at 2-3-2-5, 13-11-13-12 (2022).

**CONCLUSION**

Taking into consideration all the applicable factors and considerations under 18 U.S.C. § 3553(a), Mrs. Budhraj respectfully requests that the Court impose a sentence of time served, payment of restitution, and a period of two years' supervised release. Given her repayment of restitution in full, it is respectfully submitted that the Court should not impose any fine against Mrs. Budhraj. Finally, Deborah joins in and incorporates by reference all arguments and issues raised in the sentencing memorandum of her co-defendant and husband, Shawn Budhraj as if expressly set forth in this sentencing memorandum.

Dated: May 1, 2024                                         **CAPEZZA HILL, LLP**

                                                                         _____/s_____
                                                                         BENJAMIN W. HILL, ESQ.
                                                                         Bar Roll No.: 514953
                                                                         Attorney for Defendant
                                                                         30 South Pearl St., P-110
                                                                         Albany, NY 12207