IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:23-CR-64 (LEK) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ADESH BUDHRAJ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:23-CR-71 (LEK) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DEBORAH BUDHRAJ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>United States' Sentencing Memorandum</u>

The United States of America (or "Government"), through the United States Attorney for the Northern District of New York, respectfully submits this memorandum on the sentencings of Adesh and Deborah Budhraj. The defendants are a married couple. They are similarly situated, played roughly equal roles in the fraudulent scheme to which they each pled guilty, and the Government knows of no reason to treat them differently. Accordingly, a joint sentencing memorandum is appropriate.

The Government respectfully asks that the Court sentence each defendant to serve ten (10) months in jail, to be followed by one (1) year of supervised release, and to pay a $25,000 fine and agreed-upon restitution of $558,514.

On July 19, 2023, pursuant to plea agreements, each defendant pled guilty to a two-count information, charging conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349

(Count 1), and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349 (Count 2).

Each defendant is scheduled to be sentenced on May 15, 2024. Neither defendant is in custody.

## 1.    Factual Summary

The Government relies on the facts set forth in the Presentence Investigation Report ("PSIR") prepared by the Probation Office for each case. *See* Adesh PSIR (dkt. no. 27) ¶ 6; Deborah PSIR (dkt. no. 30) ¶ 6.

The defendants had co-owned a combination restaurant, bar and nightclub in Schenectady, New York (called "Establishment A" in their plea agreements). In February 2020, they contractually agreed to sell this business to another couple ("Couple A"), and received most of the purchase money – $265,720 – from Couple A the following month.  Although the sale was not finalized until August 2021, Couple A became the managers of Establishment A as of about March 2020, and assumed day-to-day responsibility for its payroll and other ordinary expenses, such as lease and utilities payments.

In pleading guilty, the defendants admitted that without Couple A's knowledge, they applied for two Paycheck Protection Program (PPP) loans issued by banks and one Economic Injury Disaster Loan (EIDL) issued by the U.S. Small Business Administration (SBA), between April 2020 and June 2021; the loans totaled $558,514 and were meant to support Establishment A and its employees during the pandemic.

The defendants each admitted that they never intended to use the loans for Establishment A's expenses, and to instead using the loaned funds for impermissible purposes, including on real estate transactions and personal expenses.  Deborah also fraudulently obtained forgiveness of the

two PPP loans by falsely certifying that the loaned funds were spent in accordance with PPP rules, including on payroll.

2. **Maximum Penalties and Consequences**

**Count 1: Bank fraud conspiracy**

Maximum term of imprisonment: 30 years, pursuant to 18 U.S.C. § 1344.

Maximum fine: $1 million, pursuant to 18 U.S.C. § 1344.

**Count 2: Wire fraud conspiracy**

Maximum term of imprisonment: 20 years, pursuant to 18 U.S.C. § 1343.

Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

**Both counts**

Supervised release: the court may require each defendant to serve a term of supervised release of up to 5 years, to begin after imprisonment. 18 U.S.C. § 3583(b)(1).

3. **Guidelines Calculation and Range**

3.1 **Criminal History Category**

Each defendant's criminal history category is I based on zero criminal history points. Adesh PSIR ¶¶ 25-29; Deborah PSIR ¶¶ 26-30.

3.2 **Offense Level**

The United States does not object to the Sentencing Guidelines offense level calculation set forth in the PSIR, resulting in a post-acceptance offense level of 9. *See* Adesh PSIR ¶¶ 16-24; Deborah PSIR ¶¶ 17-25, 50.[1]

---

[1] As to Deborah, the total offense level is incorrectly stated as 11 in ¶ 25, but correctly stated as 9 in ¶ 50.

### 3.3    Guidelines Range

The applicable Sentencing Guidelines range is 4 to 10 months in jail. Adesh PSIR ¶ 47; Deborah PSIR ¶ 50. The appeal-of-sentence waiver is set at 24 months. Adesh PSIR ¶ 8; Deborah PSIR ¶ 8.

## 4.    Sentencing Recommendation

The Government respectfully asks the Court to sentence each defendant to serve ten (10) months in jail, to be followed by one (1) year of supervised release, and to pay a $25,000 fine and agreed-upon restitution of $558,514.

Because the defendants have already paid restitution in full, the Government does not seek forfeiture and respectfully asks that the Court dismiss the Preliminary Order of Forfeiture entered in each case.

A 10-month term of imprisonment for each defendant, which would be within the applicable Guidelines range, would be sufficient and not greater than necessary to achieve the goals set out in 18 U.S.C. § 3553(a), including the need for the sentence to reflect the nature and circumstances of the offenses, and the history and characteristics of each defendant; the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; and the need for the sentence to afford adequate specific deterrence to each defendant committing more crimes.

The defendants defrauded lending programs that provided urgent financial assistance to owners of legitimate businesses, and their employees, amidst a crippling pandemic. The defendants not only harmed the Small Business Administration, but also other businesses that would have benefitted from these loans had the loans gone to them instead of to the defendants. The money

available for PPP loans and EIDLs was limited, and by fraudulently obtaining $558,514, the defendants prevented legitimate businesses from putting this money to good use.

The defendants did own Establishment A – a bar, nightclub and restaurant in Schenectady – but by the time they fraudulently applied for loans for this business, they were already in the process of selling Establishment A to another couple, and no longer ran Establishment A day-to-day. The new owners had no idea that the defendants had taken out PPP loans and an EIDL. Motivated by sheer greed, the defendants also deprived these new owners of pandemic relief funds that could have been of significant help. The defendants, for their part, used pandemic relief funds to cover personal expenses, as well as to start a house-flipping business.

The defendants' crimes were no momentary lapse in judgment; they reflect a concerted effort, over the course of nearly two years, to fraudulently obtain and spend government-backed loans to which they were not entitled, and to obtain forgiveness of the PPP loans, all at the expense of taxpayers, legitimate businesses who could have better used this money, and the new owners of Establishment A who had no idea what the defendants were doing.

The defendants have already made restitution in full – which is both appreciated and a significant act that reduced their prison exposure under the Guidelines, but it should not allow them to avoid imprisonment entirely, given the egregiousness of their conduct.

*** 

The special supervised release conditions, proposed by Probation, are warranted. Proposed special conditions 1, 2 and 4 stem from the defendants' financial crimes; the need for Probation to be able to monitor the defendants' financial activities; and the need to make sure they do not defraud again, as well as the defendants' outstanding financial obligations (if fines are imposed, as the Government has requested).

\*\*\*

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Dated:   May 2, 2024

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:      */s/ Michael Barnett*

Michael Barnett
Assistant United States Attorneys
Bar Roll No. 519140